THE INHABITANTS OF RANDOLPH vs. THE INHABITANTS OF EASTON.

The assessment of a tax on real estate to the occupant, and the payment of the same by him, not as of his own estate, but in right of another, are a sufficient assessment and payment of a tax, within the twelfth mode provided by statute (*St.* 1793, *c.* 34, § 2; Rev. Sts. *c.* 45, § 1,) for acquiring a settlement as a pauper in the town where such party resides.

THIS was an action of assumpsit to recover for the support of one Jonas Howard, a pauper, whose settlement was alleged to be in the town of Easton, on the ground that he had resided therein ten years consecutively, since the year 1818, and had paid all taxes duly assessed upon him there, for five years within that period, according to the twelfth mode specified in the statute of 1793, *c.* 34, § 2.

At the trial, before *Byington*, J., in the court of common pleas, it was in evidence on the part of the plaintiffs, that in April, 1818, Jonas Howard, the pauper, removed with his family to Easton, where he occupied a small house and lot of land which he hired of one Daily; that about a year after the pauper went to Easton, Daily sold the house and land which the pauper occupied to one Edwin Howard and one Benjamin D. Howard, the former of whom shortly after conveyed his undivided half to the latter, who, on the 14th of January, 1822, conveyed the estate to one Nathan Packard; that whilst the Howards were the owners of the estate, the pauper occupied the same as a tenant at will; that, on the 7th of April, 1824, the pauper made a release and quitclaim of the said estate to one Elijah Packard; but it did not appear, that any conveyance of the estate was ever made by Nathan Packard or his heirs or devisees, previous to the time of this release; and that the pauper continued in the possession and occupation of the premises until December, 1829.

The plaintiffs, to prove that the pauper was taxed in Easton for five years during the period of his residence there, produced the valuation and tax lists of that town for the years 1824 to 1829 both inclusive, from which it appeared, that for

47 *

the years 1824 and 1825, the house and land occupied by the pauper were taxed to "Jonas Howard, in right of the heirs of Nathan Packard, deceased," and for the four following years to "Jonas Howard, in right of Elijah Howard."

The defendants contended that the pauper had no legal interest in the house and land, for which he was taxed, and that he was not assessed for the same as his own; but that the assessment for the years 1824 and 1825 was substantially and in legal effect an assessment of the house and lot on the property of Nathan Packard's heirs, and for the other four years on the property of Elijah Packard; that the question, whether the assessment for the said house and land was as the pauper's property, or as that of the heirs of Nathan Packard or as Elijah Packard's, was a question of law, to be determined only by the reading of the valuation and tax lists, and upon the face thereof; and that parol testimony was inadmissible to explain the valuation and tax lists, or to show that the assessment was for the house and land on the property of Jonas Howard.

But the presiding judge, declining so to instruct the jury, instructed them, that if they were satisfied upon the evidence, that the pauper lived in the town of Easton for ten years consecutively; that he was taxed therein as set forth in the tax lists produced in evidence, and paid the taxes; and that he lived upon the premises taxed, during all the years he was taxed, by the permission of the owner, and occupied the estate as his tenant; then he was so taxed as to acquire a settlement in Easton by residence and taxation.

The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*E. Ames*, for the defendants.

*A. Prescott*, for the plaintiffs.

BY THE COURT. The court concur in opinion with the judge who tried the cause.

The pauper was in the occupation of the estate during the whole six years, and was rightfully taxed for it. It was competent then, as now, to set the tax on real estate to the person in the occupation of it; the tax was his tax; and he was

bound to pay it.   *St.* 1785, *c.* 70, §§ 14, 15.   It was not the less his tax, a tax which he was liable to pay, and which he did pay, because the name of another person, as owner, was mentioned in the tax books.

It was argued, that to gain a settlement in the twelfth mode mentioned in the statute of 1793, *c.* 34, § 2, relied upon in the present case, the pauper must be assessed and must pay a tax on the property as his own.   This point was directly before the court and decided otherwise in the case of *Sudbury* v. *Stow*, 13 Mass. 462, and was again considered and affirmed in the case of *Templeton* v. *Sterling*, 15 Mass. 253, in which the distinction was clearly taken, and accurately defined, between what is requisite, under the statute of 1793, *c.* 34, § 2, (Rev. Sts. *c.* 45, §.1,) to gain a settlement by the twelfth and by the fifth mode prescribed therein.   In the present case, the pauper resided more than ten years together in Easton, paid taxes duly assessed on estate in his occupation for five years and more, within that time, and thereby acquired a settlement in Easton.